GRIFFIN, J.
Thomas Savage [“Savage”] appeals his conviction for vehicular manslaughter. He contends that the trial court erred in denying his motion for judgment of acquittal and in failing to grant a continuance of the trial. We find no error and affirm.
On April 18, 1999, at approximately 2:30 a.m., Savage was driving his vehicle westbound on 1-4 near Deltona, Florida. Savage, who was traveling approximately seventy-five miles per hour, turned the wheel sharply in an attempt to avoid colliding with the vehicle in front of him. He ran off the interstate and into the median, where his vehicle struck a signpost on the passenger side and flipped several times. Savage’s girlfriend, Heather Marie Kem-me, was sitting in the passenger seat and was killed almost instantly. Savage’s license had been suspended at the time of incident. Blood was drawn from Savage at the scene, and toxicology tests revealed that Savage had a high level of prescription valium in his bloodstream. Additional testing revealed that Savage also had MDMA, or ecstacy, in his system. Based on the traffic investigation and the toxicology results, he was ultimately charged by information with vehicular manslaughter and DUI manslaughter on March 29, 2001.
The case was set for trial to begin on May 22, 2002, with jury selection to take place two days earlier. Less than ten days before trial, Savage sought to replace his public defender with new private counsel, Ali Kirk. Mr. Kirk presented a written motion for continuance at a May 14 hearing on Savage’s motion to substitute counsel. The written motion asserted that Mr. *811 Kirk would need additional time to prepare to provide an adequate defense to Mr. Savage. The prosecutor opposed any delay because of the age of the case and because the trial court had granted what it said would be its last continuance in early April 2002. He noted that his position had been communicated to Mr. Kirk in a May 3 conversation. He reported that the victim’s mother and two prosecution witnesses who lived out-of-town had already arranged their schedules to be present at the upcoming trial. These witnesses included a toxicologist from Gainesville and an eyewitness from Louisiana who had to get his employer’s approval to attend the trial. The motion for continuance was denied.
In order to reverse this conviction based on the refusal to continue the trial, we must find an abuse of discretion. In making a decision on a continuance motion made by newly substituted counsel, the court must examine the circumstances of the particular case and weigh several factors. We see no abuse of discretion in the trial court’s decision.
Nor was it error to deny Savage’s motion for a judgment of acquittal on the charge of vehicular homicide. The evidence adduced from eyewitnesses produced at trial showed that ten to fifteen minutes prior to the accident Savage was having difficulty controlling his vehicle. He ran off the road on three occasions, as if he had fallen asleep. Although he was able to drive without incident for ten to fifteen minutes, he failed to see a vehicle in front of him or properly gauge its speed when he drove up behind it at a rate of speed which was ten miles per hour higher than the speed limit. To avoid a collision, Savage was obliged to take a sharp evasive maneuver, running off of the road.
Toxicology testing done by the State showed that Savage had both ecstacy and valium in his blood two hours after the accident. One expert testified that the amount of ecstacy found in Savage’s system was a relatively high value typical of a recreational use of the drug. The State’s experts also testified that ecstacy impairs cognition and thinking and can cause deficits in attention. It can also produce visual disturbances, such as trailers and a halo effect, as well as hallucinations. One effect of the drug is increased energy; another is dilated pupils. There was also evidence that mixing other drugs with ec-staey (such as valium) can produce unpredictable results. While the level of the drug found in the blood alone cannot indicate impairment, the State’s experts indicated that impairment can be inferred from the driving pattern exhibited by Savage prior to the crash and his inability to stop when he drove up too quickly behind another vehicle. Savage’s impairment would also explain some of his behavior following the incident.
AFFIRMED.
PETERSON and PALMER, JJ., concur.